IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-835-GMS |
| | ) |
| EUGENE MAURER, JR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff Damone E. Flowers ("Flowers"), an inmate housed at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Flowers filed this lawsuit pursuant to § 1983, but alleges that it is a breach of contract suit brought against a private attorney. Flowers retained the defendant attorney Eugene Maurer, Jr. ("Maurer") to represent him in a first degree murder case. Flowers was found guilty and sentenced to life imprisonment. The complaint alleges, generally, ineffective assistance of counsel Flowers alleges that Maurer breached their contract by providing ineffective assistance of counsel in violation of his right to due process. He seeks the return of a percentage of the attorney's fee paid to Maurer adjusted against costs associated with completed work.

**II. STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*

(citations omitted).

Flowers is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Flowers proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

Flowers fails to state a claim upon which relief may be granted to the extent that he alleges a deprivation of his constitutional rights. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993). A private attorney is not considered a state actor.[1] To

---

[1] Similarly, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State*, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).

act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Because Maurer is not considered a state actor, Flower's claim fails under § 1983.

To the extent that Flowers raises a breach of contract claim, his remedy lies in state court. Flowers has not alleged facts that raise a federal question for the court to consider and there are no allegations of diversity of citizenship. Because the complaint contains no federal question and there are no allegations of diversity of citizenship, the court has no jurisdiction over the matter. 28 U.S.C. § 1331, 28 U.S.C. § 1332; See e.g., *Manchester v. Rzewnicki*, 777 F. Supp. 319, 329 (D. Del. 1991), *aff'd*.958 F.2d 364 (3d Cir. 1992). Therefore, the court will dismiss the complaint for want of jurisdiction

### IV. CONCLUSION

For the above stated reasons the court finds that the complaint lacks an arguable basis either in law or in fact. Based upon the foregoing analysis, the complaint is dismissed for failure as frivolous and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Feb 13, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-835-GMS |
| | ) |
| EUGENE MAURER, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 13th day of Feb, 2009 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that the complaint is **dismissed** as frivolous and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Clerk of the Court is directed to **close** the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE